FILED
JUN 2 7 2008
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                      Criminal Action No. 2:08CR7

ANCIL E. PARKS,
    Defendant.

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Ancil E. Parks, in person and by counsel, Brian J. Kornbrath, appeared before me on June 25, 2008. The Government appeared by Stephen D. Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to a one-count Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant then stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate

Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Ancil E. Parks, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated May 12, 2008, and signed by him on June 23, 2008, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the one-count Indictment, the

undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in the one-count Indictment and make a determination as to whether to accept or reject any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that even if the District Court Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned then reviewed with Defendant the stipulation contained in the written plea agreement, which provides:

> The parties stipulate and agree that, from on or about August 2007 to on or about March 7, 2008, the defendant, then being at all times relevant hereto a Postal Service employee did unlawfully and knowingly convert to his own use money coming into his hands and under his control in the execution and under color of his office, employment and service in the amount of $2,179.38.
>
> The United States Postal Service will permit the defendant to resign from his employment at the U.S. Postal Service, rather than be fired or otherwise terminated from his position.
>
> The defendant agrees to never again seek employment with the U.S. Postal Service.

The undersigned inquired, and determined that the parties understood that the stipulation was not binding on the Court, and even if the Court rejected the stipulation, Defendant would still not have the right to withdraw his guilty plea.

The undersigned then reviewed with Defendant the one-count Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the one-count Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of not more than three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not be permitted to withdraw his guilty plea.. Defendant further understood there was no parole in the federal system and although he may be able to earn

institutional good time, that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant also understood that, under the circumstances of this case, the Court could also require restitution as part of the judgment.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his appellate rights as contained in the written plea agreement as follows:

Ct: Do you understand, sir, that under certain circumstances, you and the US Attorney's office may have the right to appeal any sentence that is actually imposed on you by the Court?

Def: Yes, sir.

Ct: Do you understand that those rights include the right to appeal your sentence and how it was calculated to the Fourth Circuit Court of Appeals within ten days of the oral pronouncement of that sentence by the Judge?

Def: Yes, sir.

Ct: Do you also understand, sir, that it also includes an opportunity to file a motion under 28 USC § 2255, commonly called a habeas corpus motion, to challenge your sentence and how it was calculated?

Def: Yes, sir.

Ct: Do you understand that under paragraph 14 of your agreement, if the Judge in imposing an actual sentence, imposes the actual sentence which is equal to, or equivalent of, or consistent with – now I've added two terms- it says consistent with, and I've interpreted that to be equal to, but it doesn't necessarily have to be equal to-- a guideline offense level in the A or B

Zone, then you give up your right to appeal and you give up the right to collaterally challenge your sentence under habeas. Do you understand?

Def: Yes.

Ct: So if your sentence was within those zones, A or B -- the actual sentence, even though it wasn't a guideline sentence -- and you did file an appeal, or you did file a habeas motion the reviewing court could look to today's proceedings and determine that you waived it– gave it up– and throw your case out of court without giving you an opportunity to be heard. Do you understand that?

Def: Yes, sir.

Ct: And is that what you intended to do if your sentence comes in at the A or B Zones?

Def: [inaudible]

Ct: Is that what you intended to do– did you intend to give up those rights – if your sentence, imposed by the Judge, comes in at an A or B Zone under the guidelines?

Def: Yes.

Ct: And did you do that freely and voluntarily?

Def: Yes.

From which colloquy the Court determined that Defendant understood his appellate rights and voluntarily gave them up pursuant to the conditions in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Indictment, including the elements the United States would have to prove at trial, charging him with misappropriation of postal funds, in violation of Title 18, United States Code, Section 1711.

The undersigned then heard the testimony of Government witness Michael Kopischke, who is employed as a Special Agent with the United States Postal Service's Office of the Inspector General. SA Kopischke identified Defendant in Court. He then testified that in January 2008, he was reviewing Post Office reports for financial irregularities. During the review, he found several money orders issued before they were reported sold, a common indication of fraud. He also obtained copies of the money orders and found all the money orders cashed before they were reported sold were signed by defendant. He then traveled to Cass, West Virginia, with Agent Tony Branch. At the close of business in March 2008, , they conducted an audit, counting stamps, money orders, and cash. They determined the Cass post office was short $730.00 in stamps, and that Defendant had issued three money orders to himself, totaling $1500.00, for which he had not paid. The agents spoke with Defendant, who told them he had run into financial difficulties and took the money orders and cashed them.

SA Kopischke testified that the total amount missing was $2,179.38. The events took place in Pocahontas County, West Virginia. Defendant was the Post Master, a postal service employee.

Defendant testified that he heard, understood, and agreed with all of SA Kopischke's testimony. Thereupon, Defendant, Ancil E. Parks, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Indictment. Defendant then testified he believed he was guilty of the charge because he was in a bad financial situation, and took money orders and cashed them.

The undersigned United States Magistrate Judge concludes the offense charged in the one-count Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by SA Kopischke's testimony.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea of guilty to the one-count Indictment; and Defendant's plea is independently supported by the testimony of SA Kopischke, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained the one-count Indictment and recommends he be adjudged guilty on said charge as contained in the one-count Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

The undersigned further orders Defendant be continued on release pursuant to an Order Setting Conditions of Pretrial Release previously entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: June 27, 2008.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE